**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

JERRY JEFFERSON SEXTON, a/k/a Jim
Smith, a/k/a George Thompson,
　　　　　　*Defendant-Appellant.*

No. 01-4105

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-97-361)

Submitted: February 21, 2002

Decided: March 20, 2002

Before WIDENER, WILKINS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Michael P. O'Connell, STIRLING & O'CONNELL, P.A., Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jerry Jefferson Sexton appeals the district court's denial of his motion for judgment of acquittal on Count 6 of a nine count indictment. Sexton was charged with various firearms offenses, possession of cocaine with intent to distribute, and money laundering. Following a trial by jury, Sexton was convicted on all counts. Count 7 charged Sexton with knowingly using and carrying a firearm during and in relation to a drug trafficking crime, while Count 6 charged him with knowingly using and carrying a firearm equipped with a firearm silencer or a firearm muffler during and in relation to a drug trafficking crime, both in violation of 18 U.S.C.A. § 924(c) (West 2000). Because Sexton was convicted of Count 7, he was sentenced to life imprisonment for Count 6 pursuant to § 924(c)(1)(C)(ii), which mandates life imprisonment for a second or subsequent violation of § 924(c) when the firearm is equipped with a firearm silencer or a firearm muffler.

This Court reviews the denial of a motion for judgment of acquittal de novo. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1983). Hence, the government is given the benefit of all reasonable inferences. *See United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1981). Moreover, "credibility determinations are within the sole province of the jury and are not susceptible to judicial review." *United States v. Lowe*, 65 F.3d 1137, 1142 (4th Cir. 1995).

Sexton challenges the efficacy of a Government witness' testimony that provided the evidentiary basis for Count 6. Sexton claims this tes-

timony is too disorganized and incoherent for a rational trier of fact to convict him of Count 6 beyond a reasonable doubt. We have thoroughly reviewed the entire record, paying particular attention to the disputed testimony. We find sufficient evidence supported Sexton's conviction of Count 6. A reasonable jury could rationally find the testimony in question proved the essential elements of Count 6.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*